UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| **MARTIN ALLEN JOHNSON,** | ) | |
| | ) | 6:16-cv-00841-MC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **JEFF PREMO, Superintendent OSP,** | ) | ORDER TO DISMISS |
| | ) | |
| Respondent. | ) | |

**McSHANE, District Judge.**

Petitioner, an inmate on death row at the Oregon State Penitentiary, has filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging his 2001 aggravated murder conviction in Washington County resulting in a death sentence.

As a preliminary matter, I note that this Court has dismissed without prejudice three earlier filed federal petitions for habeas relief on the basis petitioner failed to demonstrate entitlement to

1 - ORDER TO DISMISS

bypass the requirement that he exhaust all available state-court remedies. *See Johnson v. Belleque*, 3: 07-cv-00779-BR, *Johnson v. Premo*, 6: 12-cv-01027-BR and *Johnson v. Premo*, 6: 14-00712-JO. As noted in the 2014 action, in or about January 2013, Marion County Circuit Court Judge Donald Dickey, the jurist who presided over petitioner's Post-Conviction trial, granted him both guilt-phase and penalty-phase relief. Since then, the Oregon Court of Appeals affirmed Judge Dickey's ruling on March 30, 2016 and the Petition for Review is pending before the Oregon Supreme Court.

Accordingly, given the procedural posture of petitioner's state-court proceedings, it remains that he cannot plausibly suggest that he has exhausted the remedies available to him in the Oregon courts. Indeed, if Judge Dickey's ruling continues to be affirmed on appeal, petitioner will receive an entirely new trial.

## DISCUSSION

Before a federal court will consider the merits of any claims in a 28 U.S.C. § 2254 proceeding, a petitioner seeking habeas relief must exhaust the claims by fairly presenting them to the state's highest court either through a direct appeal or collateral proceedings. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). In addition, a petitioner must have presented the claims in a procedural context in which their merits will be considered. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). The exhaustion doctrine is designed "to

avoid the unnecessary friction between the federal and state court systems that would result if a lower federal court upset a state court conviction without first giving the state court system an opportunity to correct its own constitutional errors." *Preiser,* 411 U.S. at 490.

Here, as this Court has previously advised petitioner, the Oregon court system has identified its own errors. This Court has three times determined that petitioner could not demonstrate entitlement to bypass the requirement that he exhaust all of his state court remedies prior to seeking federal habeas relief. He fails to present the Court with new arguments that would cause it to reach a different conclusion in this action.

## CONCLUSION

For these reasons, the Petition for Writ of Habeas Corpus [1] is DISMISSED without prejudice. Pending motions, including any informal motions for appointment of counsel, are denied as moot. In addition, the Court finds that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Accordingly, this case is not appropriate for appellate review.

IT IS SO ORDERED.

DATED this  30th  day of June, 2016.

Michael J. McShane
United States District Judge

3 - ORDER TO DISMISS